# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT A. ST. CLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-00981-PRW |
| | ) | |
| EPHRIAM EDWARDS, and | ) | |
| HOPELAND TRUCKING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 15, 2020, the Court directed Plaintiff to show cause why this matter should not be dismissed without prejudice for lack of prosecution as to Defendant Ephriam Edwards so that the matter may proceed against Defendant Hopeland Trucking, LLC.[1] Plaintiff filed a Response (Dkt. 20) to the Court's Show Cause Order (Dkt. 18), stating that "Counsel for Defendant Hopeland advised that she . . . would accept service on behalf of Defendant Edwards and make an appearance in the matter" during a telephone call on February 25, 2020 but has since "reneged" on the agreement, such that there is good cause for granting Plaintiff 30 additional days in which to serve Mr. Edwards.[2] Plaintiff further responds that he unsuccessfully attempted to effectuate service upon Mr. Edwards in

---

[1] Show Cause Order (Dkt. 18) at 2.

[2] Pl.'s Resp. to Dkt. 18 & Mot. for Extension of Time to Serve Def. Edwards (Dkt. 20) at 2–3.

October 2019 and has recently begun efforts again to serve Mr. Edwards.[3] Defendant Hopeland Trucking, LLC filed a Reply (Dkt. 21) the next day, advising that "[a]t no time during the call did [defense counsel] promise, agree, or intend to agree that Hopeland's Counsel would accept service for Mr. Edwards" and asking the Court to "find that Plaintiff St. Clair has not shown good cause for failure to serve Defendant Edwards."[4]

In deciding whether Plaintiff is entitled to relief, the Court is guided by the language of Rule 4(m) of the Federal Rules of Civil Procedure:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .[5]

In the case of *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), the United States Court of Appeals for the Tenth Circuit interpreted the language of Rule 4(m). The Court must first consider whether the Plaintiff has established good cause for failing to timely serve Edwards.[6] If Plaintiff has done so, "an extension of time is *mandatory*."[7] But even in the absence of good cause, the "court must still consider whether a permissive extension

---

[3] Pl.'s Resp. to Dkt. 18 & Mot. for Extension of Time to Serve Def. Edwards (Dkt. 20) at 2–3; Mills Aff. of Non-Service (Dkt. 20-1) at 2.

[4] Def. Hopeland Trucking, LLC's Reply to Pl.'s Resp. to Order to Show Cause (Dkt. 21) at 2, 5.

[5] Fed. R. Civ. P. 4(m).

[6] *Espinoza*, 52 F.3d at 841.

[7] *Id.* (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)).

of time may be warranted."[8] Depending upon the circumstances of the case, the Court "may in its discretion either dismiss the case without prejudice [against the non-served defendant] or extend the time for service."[9]

Based on the record, the Court finds that it need not determine whether Plaintiff has shown good cause by being diligent in his efforts to serve Mr. Edwards or by entering into a valid agreement with counsel for Defendant Hopeland Trucking, LLC regarding service of its former employee.[10] Rather, the Court concludes that a permissive extension is warranted in this situation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant Edwards (Dkt. 20) is **GRANTED**. Accordingly, Plaintiff shall effectuate service of process upon Defendant Ephriam Edwards *and* file proof of service *by no later than Thursday, July 30, 2020. Failure to do so within the allotted time will result in dismissal without prejudice of this matter as to Defendant Ephriam Edwards.*

---

[8] *Id.*

[9] *Id.*; *see also* Fed. R. Civ. P. 4(m) advisory committee's note (1993 Amendment) ("This subdivision retains much of the language of the present subdivision (j) . . . . [but] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."

[10] In a previously filed motion, Defendant Hopeland Trucking, LLC advised the Court that it "was not able to remain in business" and "has ceased its business operation" because of the COVID-19 pandemic. Unopposed Mot. for Extension of Time to Submit It's [sic] Resps. to Pl.'s Disc. Reqs. (Dkt. 16) ¶ 5, at 1.

**IT IS SO ORDERED this 30th day of June, 2020.**

                                             _____
                                             PATRICK R. WYRICK
                                             UNITED STATES DISTRICT JUDGE