## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ROBERT A. ST. CLAIR,

                     Plaintiff,

v.

EPHRIAM EDWARDS, and
HOPELAND TRUCKING, LLC,

                     Defendants.

Case No. 5:19-cv-981-PRW

## DEFENDANTS EPHRIAM EDWARD AND HOPELAND TRUCKING, LLC'S PROPOSED JURY INSTRUCTIONS

Respectfully submitted,

By    /s/ Dan S. Folluo
        DAN S. FOLLUO, OBA NO. 11303
        dfolluo@rhodesokla.com
        REBECCA L. NEWMAN, OBA NO. 30898
        rlnewman@rhodesokla.com
        RHODES, HIERONYMUS, JONES,
        TUCKER & GABLE
        P.O. Box 21100
        Tulsa, Oklahoma 74121-1100
        (918) 582-1173
        (918) 592-3390 Facsimile
        ***Attorneys for Defendant***
        ***Hopeland Trucking, LLC***

INSTRUCTION NUMBER _____

**USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED**

At this time, turn off all cell phones and other electronic devices. Do not use any electronic devices while court is in session in this case.

Do not use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to find out any information about this case or the parties or attorneys.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury. This will help you avoid others pressuring you to discuss this trial. If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom. Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined, put in jail, or both.

**Authority:**    OUJI-Civil Jury Instructions 1.0

INSTRUCTION NUMBER _____

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

As possible jurors you will be questioned to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you by _____.

**Authority:**     OUJI-Civil Jury Instructions 1.1

INSTRUCTION NUMBER _____

**OATH ON VOIR DIRE**

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].


**Authority:**     OUJI-Civil Jury Instructions 1.2

INSTRUCTION NUMBER _____

**OATH ADMINISTERED TO JURY**

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God? [Juror should be required to answer "I do."].

        or

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence? [Juror should be required to answer, "I do."].

**Authority:**    OUJI-Civil Jury Instructions 1.3

INSTRUCTION NUMBER _____

**JURY'S DUTIES--CAUTIONARY INSTRUCTIONS--**

**TO BE GIVEN AFTER JURY IS SWORN**

Members of the Jury: I will now explain to you your duties as jurors.  It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received.  It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court.  It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict.  You should not allow sympathy or prejudice to influence your decision.  Your decision should be based upon probabilities, and not possibilities.  It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true.  The term "witness" means anyone who testifies in person, or by deposition, including the parties.

The production of evidence in court is governed by rules of law.  From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections.  If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection.  If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection.  The attorney's objections, and my rulings upon

these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the clerk of the court or the bailiff, who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports about this trial, and do not watch or listen to television or radio reports about it.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

**Authority:**     OUJI-Civil Jury Instructions 1.4

INSTRUCTION NUMBER _____

## STATEMENT OF THE CASE

The parties to this case are the Plaintiff, Robert A. St. Clair and Defendants, Ephriam Edwards and Hopeland Trucking, LLC.  The parties agree:

All parties agrees that a collision occurred between a vehicle being operated by Mr. St. Clair and a tractor-trailer truck being operated by Ephriam Edwards on October 30, 2017, near the intersection of Highway 76 and Highway 130 in McLain County, Oklahoma.

Plaintiff claims:

That Ephriam Edwards was negligent in the operation of his tractor trailer and his negligence caused the Plaintiff's alleged injuries.

Plaintiff also contends that Hopeland Trucking was negligence in its entrustment of the vehicle to Ephriam Edwards and that Hopeland Trucking is vicariously liable for the actions of Ephriam Edwards.

Defendants Ephriam Edward and Hopeland Trucking claim:

The Defendants assert that Ephriam Edwards made an error in judgment and misjudged the speed of the St. Clair vehicle before pulling out.  However, the Defendants assert that the accident was avoidable from the standpoint of Mr. St. Clair had he been traveling within the posted speed limit and at a reasonable speed.  Furthermore, Mr. St. Clair was not wearing his seatbelt at the time of the incident and caused or contributed to his own injuries.  Defendants further assert that Hopeland Trucking, LLC did not negligently entrust the vehicle to Ephriam Edwards as Mr. Edwards' owned the vehicle and was a contract driver for Hopeland Trucking at the time of the incident.

Hopeland Trucking does admit that Mr. Edwards was acting within the course and scope of his employment for Hopeland Trucking, LLC at the time of the incident.

**Authority:**    OUJI-Civil Jury Instructions 2.1

INSTRUCTION NUMBER \_\_\_\_\_

**BURDEN OF PROOF--**

**GREATER WEIGHT OF THE EVIDENCE**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party, or any other party.

**Authority:**    OUJI-Civil Jury Instructions 3.1

INSTRUCTION NUMBER _____

**NO SPECULATION**

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

**Authority:**     OUJI-Civil Jury Instructions 3.3

INSTRUCTION NUMBER _____

**VERDICT NOT BASED ON SYMPATHY**

You should not allow sympathy or prejudice to influence your decision.  You are to look upon the evidence presented and apply the instructions of the Court to the evidence in a completely objective and dispassionate way.


**Authority:**    OUJI-Civil Jury Instructions 1.4 (Modified); *F.W. Woolworth & Co. v. Wilson*, 74 F.2d 439 (5th Cir. 1934)

INSTRUCTION NUMBER _____

**JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — CORPORATION AS PARTY.**

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

**Authority:**    OUJI-Civil Jury Instructions 1.6

INSTRUCTION NUMBER _____

**DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS**

You are the sole judges of the believability of each witness and the value to be given the testimony of each.  You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation.  Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**Authority:**     OUJI-Civil Jury Instructions 3.13

INSTRUCTION NUMBER _____

**EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**Authority:**    OUJI-Civil Jury Instructions 3.21

INSTRUCTION NUMBER _____

**PERSONAL INJURIES- ROBERT A. ST. CLAIR**

If you decide for Plaintiff Robert A. St. Clair you must then fix the amount of his damages. This is the amount of money that will reasonably and fairly compensate Robert A. St. Clair for the injuries sustained as a result of the wrongful conduct of Defendants.

In fixing the amount you will award them you may consider the following elements:

A.    Robert A. St. Clair's physical pain and suffering;

B.    Robert A. St. Clair's mental pain and suffering;

C.    Robert A. St. Clair's age;

D.    Robert A. St. Clair's physical condition immediately before and after the accident;

E.    The nature and extent of Robert A. St. Clair's injuries;

F.    Whether the injuries are permanent;

G.    The physical impairment;

H.    Loss of earnings;

I.    Impairment of Earning Capacity;

J.    The reasonable expenses of the necessary medical care, treatment, and services, past and future.

**Authority:**    OUJI-Civil Jury Instructions 4.1 (modified)

INSTRUCTION NUMBER _____

**DAMAGES — EFFECT OF INSTRUCTION AS TO DAMAGES**

The fact that you have been instructed as to the measure of damages should not be considered as an indication that the Court believes or does not believe that Plaintiff is entitled to recover such damages.  Instructions on the measure of damages are given for your guidance, in the event you find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.  If, under the evidence and the instructions of the Court, you find that the Plaintiff, Robert A. St. Clair is not entitled to recover, then you are to disregard all instructions given you upon the measure of damages.


**Authority:**    Devitt, Blackmar & Wolff, 3 <u>Federal Jury Practice and Instructions</u> § 74.02 (modified)

INSTRUCTION NUMBER _____

**DUTY TO MITIGATE DAMAGES – PERSONAL INJURY**

In fixing the amount of money that will reasonably and fairly compensate Robert A. St. Clair, you are to consider that an injured person must exercise ordinary care to obtain proper treatment. Damages cannot be recovered for any injury resulting from a failure to exercise such care.

**Authority:**     OUJI-Civil Jury Instructions 5.3

INSTRUCTION NUMBER _____

**EFFECT OF INCOME TAX ON AWARD OF DAMAGES**

As jurors, you will be asked to determine the proper damages for personal injuries to the Defendant.  No part of an award for damages for such injuries is subject to federal or state income tax.  Therefore, the compensation you deem proper should not be increased or decreased by any consideration for income taxes.

**Authority:** 12 O.S. 2011 § 577.4; *Missouri-K. T. R. R. v. Miller*, 486 P.2d 630, 636 (Okla. 1971)

INSTRUCTION NUMBER _____

**ACT OF CORPORATE OFFICER OR EMPLOYEE AS ACT OF CORPORATION**

Defendant, Hopeland Trucking, LLC is a corporation and can act only through its officers and employees.  Any act or omission of an officer or employee while acting within the scope of his employment is the act or omission of Defendant Hopeland Trucking, LLC.

**Authority:**    OUJI-Civil Jury Instructions 7.7

INSTRUCTION NUMBER _____

**ASSUMPTION OF RISK**

Plaintiff assumed the risk of injury resulting from the Defendants' negligence if he voluntarily exposed himself to injury with knowledge and appreciation of the danger and risk involved. To establish this defense, the Defendants must show by the weight of evidence that:

1.     Plaintiff knew of the risk and appreciated the degree of danger;

2.     Plaintiff had the opportunity to avoid the risk;

3.     Plaintiff acted voluntarily; and

4.     Plaintiff's action was the direct cause of his injuries.

Do you find that the Defendants have proved the defense of assumption of risk as to Plaintiff, Robert A. St. Clair _____Yes  _____No.


**Authority:**     OUJI-Civil Jury Instructions 9.14 modified

INSTRUCTION NUMBER _____

**UNAVOIDABLE ACCIDENT**

An unavoidable accident is one which occurs without negligence on the part of either party.  If you find from a weight of the evidence that the accident was unavoidable, your verdict should be for the Defendants.


**Authority:**     OUJI-Civil Jury Instructions 10.9

INSTRUCTION NUMBER _____

**NEGLIGENCE PER SE --**

**VIOLATION OF STATUTE OR ORDINANCE**

In addition to the duty to exercise ordinary care there are also duties imposed by statutes. If you find that a person violated the following statute and the violation was the direct cause of the injury, then such violation in and of itself would make such a person negligent. There was in force and effect in Oklahoma at the time of the occurrence the following statute:

A.    Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.

47 O.S. § 11-801

It is a requirement in the State of Oklahoma for a driver to use seatbelts in a pickup truck

47 O.S. § 12-417 and § 12-420

**Authority:**    OUJI-Civil Jury Instructions 9.10

## NEGLIGENCE PER SE --
## DUTY OF CARE OF DRIVER HAVING RIGHT-OF-WAY

The driver of an automobile having the right-of-way must exercise ordinary care and operate his vehicle with due regard to existing conditions.  He is entitled to assume that his right-of-way will be respected, until he has warning, notice or knowledge to the contrary.  If the situation is such as to indicate to a reasonably careful person in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent an accident, even to the extent of yielding his right of way.

**Authority:**     OUJI-Civil Jury Instructions 10.3

INSTRUCTION NUMBER _____

**NEGLIGENCE – ELEMENTS OF LIABILITY**

A party claiming damages has the burden of proving each of the following propositions:

First, that they have sustained injury;

Second, that the party from whom they seek to recover was negligent;

And, third, that such negligence was a direct cause of the injury sustained by the claiming party.

**Authority:**     OUJI-Civil Jury Instructions 9.1

INSTRUCTION NUMBER _____

**NEGLIGENCE DEFINED**

Since part of this lawsuit is based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property.  "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances.  The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.  Thus, under the facts in evidence in this case, if a person failed to do something which is a reasonably careful person would do, or did something which a reasonably careful person would not do, such person would be negligent.


**Authority:**    OUJI-Civil Jury Instructions 9.2

INSTRUCTION NUMBER _____

**DIRECT CAUSE DEFINED**

"Direct cause" means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.  For negligence to be a direct cause it is necessary that some injury to a person in Plaintiffs' situation must have been a reasonably foreseeable result of negligence.


**Authority:**     OUJI-Civil Jury Instructions 9.6

INSTRUCTION NUMBER _____

**CONCURRENT CAUSES**

There may be more than one direct cause of an injury.  When an injury is the result of The combined negligence of two or more persons, the conduct of each person is a direct cause of the injury regardless of the extent to which each contributes to the injury.

**Authority:**     OUJI – Civil Jury Instructions 9.7

INSTRUCTION NUMBER _____

**INTERVENING CAUSE DEFINED**

An "intervening cause" is one that interrupts or breaks the connection between a Defendant's act or omission and a plaintiff's injury.  Ephriam Edwards' act or omission would not be the direct cause of Mr. St. Clair's injury if another event intervened between the two and that event was: (1) Independent of the Defendant's act or omission; (2) Adequate by itself to cause Mr. St. Clair's injury; and (3) Not reasonably foreseeable by the Defendant Ephriam Edwards.

**Authority:** OUJI-Civil Jury Instructions 9.8

INSTRUCTION NUMBER _____

**COMPARATIVE NEGLIGENCE: MULTIPLE DEFENDANTS INVOLVED –
DEFINITION**

As a part of their defense, Defendants Ephriam Edwards and Hopeland Trucking, LLC first deny that any negligence on their part was the direct cause of the occurrence involved in this lawsuit and any resulting injuries to Plaintiff, Robert A. St. Clair. Ephriam Edwards and Hopeland Trucking, LLC further contend that if, however, the jury should find that any of them were negligent to some degree, then it is their contention that Plaintiff, Robert A. St. Clair's own negligence exceeded the negligence of Ephriam Edwards and Hopeland Trucking, LLC, so as to prevent any recovery by Robert A. St. Clair in this lawsuit. To establish this defense, Ephriam Edwards and Hopeland Trucking, LLC must show by the greater weight of the evidence that Robert A. St. Clair was negligent and his negligence was a direct cause of his injury.

Under the law you are to compare the percentage (0%-100%) of negligence of Robert A. St. Clair, if any, with the percentage (0%-100%) of negligence of Ephriam Edwards and Hopeland Trucking, LLC, if any.

The law provides that contributory negligence, which means the negligence of Robert A. St. Clair, shall not bar recovery of damages unless his negligence is of a greater degree, established by percentage, than the total combined negligence of Ephriam Edwards and Hopeland Trucking, LLC causing the damage.

The percentage (0%-100%) of negligence you find for each party should be stated in the appropriate verdict form. The verdict forms have been color-coded to assist you.

**Authority:** OUJI-Civil Jury Instructions 9.19

INSTRUCTION NUMBER _____

**ADVICE CONCERNING COLOR-CODED VERDICT FORMS**

Only one of several possible verdicts may be the ultimate conclusion reached by this jury. In order to facilitate your deliberations, the options available to you under the facts of this case are set out on color-coded verdict forms. The next succeeding instructions will explain the various verdict forms and instruct you under what circumstances each form is applicable.

**Authority:** OUJI-Civil Jury Instructions 9.22

INSTRUCTION NUMBER _____

**BLUE VERDICT FORM, FOR PLAINTIFF- MULTIPLE DEFENDANTS-
DIRECTIONS**

If you find that the occurrence with which this lawsuit is concerned was directly caused by the negligence of one or more of the Defendants and not by any contributory negligence on the part of Plaintiff, Robert A. St. Clair, then you shall use the Blue Verdict Form and find in favor of Plaintiff, Robert A. St. Clair against one or more of the Defendants. If you so find, Plaintiff, Robert A. St. Clair is entitled to recover the full amount of any damages which you may find Plaintiff has sustained as a result of the occurrence.

**Authority:** OUJI-Civil Jury Instructions 9.24

INSTRUCTION NUMBER _____

**PINK VERDICT FORM, FOR MULTIPLE DEFENDANTS – DIRECTIONS**

If you find the occurrence with which this lawsuit is concerned was directly caused by the contributory negligence of Plaintiff, Robert A. St. Clair, and not by any negligence on the part of either Ephriam Edwards or Hopeland Trucking, LLC, or, if you find that Robert A. St. Clair has failed to prove that either Ephriam Edwards or Hopeland Trucking, LLC was negligent, then you shall use the Pink Verdict Form and find in favor of Ephriam Edwards and Hopeland Trucking, LLC.

**Authority:** OUJI-Civil Jury Instructions 9.28

INSTRUCTION NUMBER _____

**WHITE VERDICT FORM, COMPARATIVE; TWO DEFENDANTS – DIRECTIONS**

If you find that the occurrence was directly caused by the negligence of either or both of the Defendants, Ephriam Edwards and  Hopeland Trucking, LLC, then you shall use the White Verdict Form and you must determine the percentage of each party's negligence.

This White Verdict Form requires that you fill in some percentage of negligence for Plaintiff, Robert A. St. Clair, if you find that Robert A. St. Clair was contributorily negligent, and then requires that you fill in some percentage of negligence for either or both Defendants, if you find that either or both of them were negligent. These figures must total one hundred percent (100%), and may range from 0% to 100%.

If the figures you fill in as the percentage of negligence of Robert A. St. Clair is greater than the combined total of the figures you insert as the percentage of negligence of Ephriam Edwards and Hopeland Trucking, LLC, then Robert A. St. Clair is not entitled to recover any damages.  In this event, you need not fill in the space provided for the amount of Plaintiff's damages, and you should sign and return the verdict as explained later in these instructions.

If, on the other hand, the figure you fill in as the percentage of negligence of Robert A. St. Clair is equal to or smaller than the combined total of the figures you insert as the percentages of negligence of either or both of the Defendants, then you shall proceed, as the verdict form directs, to fill in the total amount of damages which you find were sustained by Robert A. St. Clair. As the verdict form advises, in determining this damages figure, you should completely disregard the respective percentages of negligence which you have fixed for the parties.

You are instructed that if you use the White Verdict Form, whatever dollar amount you insert as the damages sustained by Robert A. St. Clair will be reduced by the Court by that

percentage of negligence which you have attached to him and that the amount of damages for which each of the Defendants will be liable will be limited to that percentage of negligence which you have attached to each of them.

**Authority:** OUJI-Civil Jury Instructions 9.33

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT A. ST. CLAIR, | |
| Plaintiff, | Case No. 5:19-cv-981-PRW |
| v. | |
| EPHRIAM EDWARDS, and HOPELAND TRUCKING, LLC, | |
| Defendants. | |

## <u>BLUE VERDICT FORM – ROBERT A. ST. CLAIR</u>

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Plaintiff Robert A. St. Clair, and fix the dollar amount of his damages in the sum of _____.


_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


**Authority:**    OUJI-Civil Jury Instructions 9.37

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT A. ST. CLAIR,<br><br>                  Plaintiff,<br><br>v.<br><br>EPHRIAM EDWARDS, and<br>HOPELAND TRUCKING, LLC,<br><br>                  Defendants. | Case No. 5:19-cv-981-PRW |

## <u>PINK VERDICT FORM</u>
## <u>EPHRIAM EDWARD AND HOPELAND TRUCKING, LLC</u>

      We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Defendants, Ephriam Edwards and Hopeland Trucking, LLC.


_____      _____
Foreperson

_____      _____

_____      _____

_____      _____

_____      _____


**Authority:**    OUJI-Civil Jury Instructions 9.40

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ROBERT A. ST. CLAIR,

                       Plaintiff,

v.

EPHRIAM EDWARDS, and
HOPELAND TRUCKING, LLC,

                   Defendants.

Case No. 5:19-cv-981-PRW

## <u>WHITE VERDICT FORM – PLAINTIFF</u>

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find as follows:

    1.     Plaintiff Robert A. St. Clair's contributory negligence   _____%

    2.     Defendants Ephriam Edwards and Hopeland Trucking, LLC's negligence _____%

(1, and 2, must total 100%) _____%

TOTAL 100%

     Without regard to the percentages of negligence assigned above, we find the dollar amount of damages sustained by Plaintiff as follows:

    1.     Plaintiff Robert A. St. Clair $_____

     This dollar amount will be reduced by the judge by the sum of the percentages of negligence assigned to each Plaintiff above.

_____    _____
Foreperson

_____    _____

_____          _____

_____          _____

_____          _____

_____          _____


**Authority:**    OUJI-Civil Jury Instructions 9.48 (modified)

INSTRUCTION NUMBER _____

**JURY'S DUTIES--INTRODUCTION TO INSTRUCTIONS--**

**TO BE GIVEN AFTER THE EVIDENCE**

It is now my duty to further explain your duties as jurors, and to further inform you of the law applicable to this case. It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial and the instructions I gave you during the course of this trial. You are not free to accept and follow one or more of these instructions and disregard the other.

A written copy of all instructions will be given to you before you begin your deliberations.

**Authority:**     OUJI-Civil Jury Instructions 1.8

INSTRUCTION NUMBER _____

**JURY'S DUTIES**

Ladies and Gentlemen of the jury, that completes the argument. This case is now submitted to you for your decision and verdict.

When you have arrived in the jury room you should first choose one of the jury as a foreperson and begin deciding the case. You must not use any method of chance in arriving at your verdict, but rest it upon the opinion of each juror who agrees with it. The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court. All of you must agree on the verdict and the verdict form must be signed by each juror. Notify the bailiff when you have arrived with a verdict so that you may return it in open court.

**Authority:**    OUJI-Civil Jury Instructions 1.9 (Modified)