## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT A. ST. CLAIR, | |
| Plaintiff, | Case No. 5:19-cv-981-PRW |
| v. | |
| EPHRIAM EDWARDS, and HOPELAND TRUCKING, LLC, | |
| Defendants. | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The plaintiff, Robert A. St. Clair, files these proposed jury instructions for use at trial. Mr. St. Clair reserves the right to supplement or suggest additional instructions pursuant to the evidence presented at trial.

Respectfully submitted,

/s/ *Adam Lewis*_____
J. Kyle Findley (*Pro Hac Vice*)
Adam D. Lewis *(Pro Hac Vice)*
ARNOLD ITKIN LLP
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
kfindley@arnolditkin.com
alewis@arnolditkin.com
kbateam@arnolditkin.com
e-service@arnolditkin.com

and

Larry E. Finn, OBA 31551
PARRISH DEVAUGHN, PLLC
7 S. Mickey Mantle Drive, 2nd Floor
Oklahoma City, OK 73104
405-999-9000
405-232-0058 (f)
larry@parrishdevaughn.com


**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

DAN S. FOLLUO, OBA NO. 11303
dfolluo@rhodesokla.com
REBECCA L. NEWMAN, OBA NO. 30898
rlnewman@rhodesokla.com
RHODES, HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
*Attorneys for Defendants Hopeland Trucking, LLC and*
*Ephriam Edwards*

_____
**Adam Lewis**

**INSTRUCTION NO. __**

### <u>BURDEN OF PROOF - GREATER WEIGHT OF THE EVIDENCE</u>

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

AUTHORITY:      OUJI (Rev. 2014), No. 3.1

GIVEN                    _____

NOT GIVEN                _____

1

**INSTRUCTION NO. __**

### <u>DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS</u>

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the  witness.

AUTHORITY:        OUJI (Rev. 2014), No. 3.13


GIVEN            _____

NOT GIVEN        _____

**INSTRUCTION NO. __**

## <u>EXPERT WITNESS</u>

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

AUTHORITY:        OUJI (Rev. 2014), No. 3.21

GIVEN                _____

NOT GIVEN        _____

3

**INSTRUCTION NO. __**

## THE ISSUES IN THE CASE - NO COUNTER CLAIM

The parties to this case are Robert A. St. Clair, the plaintiff, and Ephriam Edwards and Hopeland Trucking, LLC, the defendants.

All parties agree that a collision occurred between a vehicle being driven by Mr. St. Clair and a tractor-trailer truck being driven by Ephriam Edwards on October 30, 2017, near the intersection of Highway 76 and Highway 130 in McLain County, Oklahoma. At the time of the accident, Mr. Edwards was operating his truck in the course and scope of his employment with Defendant Hopeland Trucking.

Plaintiff claims that Mr. Edwards and Hopeland Trucking were negligent, negligent per se and grossly negligent in the operation of their tractor trailer and that their negligence and gross negligence caused the Plaintiff's alleged injuries.

Plaintiff also contends that Hopeland Trucking was negligent in its entrustment of the vehicle to Ephriam Edwards, negligent in the training of Mr. Edwards, failed to comply with various Federal Motor Carrier Regulations, negligent in the supervision and monitoring of Mr. Edwards and that Hopeland Trucking is vicariously liable for the actions of Ephriam Edwards.

The Defendants assert that Ephriam Edwards made an error in judgment and did not detect the St. Clair vehicle before pulling out. However, the Defendants assert that the accident was avoidable from the standpoint of Mr. St. Clair and at a reasonable speed. Furthermore, Mr. St. Clair was not wearing his seatbelt at the time of the incident and caused or contributed to his own injuries. Defendants further assert that Hopeland Trucking, LLC did not negligently entrust the vehicle to Ephriam Edwards as Mr. Edwards' owned the vehicle and was a contract driver for Hopeland Trucking at the time of the incident. Hopeland Trucking admits that Mr. Edwards was

acting within the course and scope of his employment for Hopeland Trucking, LLC at the time of

the incident

AUTHORITY:      OUJI (Rev. 2014), No. 2.1

GIVEN              _____

NOT GIVEN       _____

**INSTRUCTION NO. __**

### PRINCIPAL AND AGENT OR EMPLOYER AND EMPLOYEE -BOTH PARTIES SUED- LIABILITY WHEN NO ISSUE AS TO RELATIONSHIP OR SCOPE OF AUTHORITY OR EMPLOYMENT

Ephriam Edwards was the employee of Hopeland Trucking, LLC. at [and before] the time of this occurrence. Therefore, an act or omission of Ephriam Edwards at the time was in law the act or omission of Hopeland Trucking, LLC

AUTHORITY:    OUJI (Rev. 2014), No. 7.2

GIVEN            _____

NOT GIVEN        _____

6

**INSTRUCTION NO. __**

## ACT OF CORPORATE OFFICER OR EMPLOYEE AS ACT OF CORPORATION

Defendant is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee while acting within the scope of their employment is the act or omission of Defendant.

AUTHORITY:     OUJI (Rev. 2014), § 7.7.

**INSTRUCTION NO. __**

## **<u>NEGLIGENCE - ELEMENTS OF LIABILITY</u>**

A party claiming damages has the burden of proving each of the following propositions:

First, that he has sustained injury;

Second, that the party from whom he seeks to recover was negligent;

And, third, that such negligence was a direct cause of the injury sustained by the

claiming party.

AUTHORITY:    OUJI (Rev. 2014), No. 9.1

GIVEN                _____

NOT GIVEN          _____

**INSTRUCTION NO. __**

## <u>NEGLIGENCE DEFINED</u>

Since this lawsuit is based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property. "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide. Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent.

AUTHORITY:        OUJI (Rev. 2014), No. 9.2

GIVEN                    _____

NOT GIVEN            _____

**INSTRUCTION NO. __**

## <u>ORDINARY CARE - DEFINED</u>

Ordinary care is the care which a reasonably careful person would use under the same or

similar circumstances.

        AUTHORITY:      OUJI (Rev. 2014), No. 9.3

GIVEN               _____

NOT GIVEN        _____

**INSTRUCTION NO. __**

## <u>DIRECT CAUSE - DEFINITION</u>

Direct cause means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened. For negligence to be a direct cause it is necessary that some injury to a person in Robert A. St. Clair's situation must have been a reasonably foreseeable result of negligence.

    AUTHORITY:    OUJI (Rev. 2014), No. 9.6

GIVEN        _____

NOT GIVEN        _____

11

**INSTRUCTION NO. __**

## NEGLIGENCE PER SE - VIOLATION OF STATUTE OR ORDINANCE

In addition to the duty to exercise ordinary care there are also duties imposed by statutes and regulations. If you find that a person violated any one of the following statutes or regulations and the violation was the direct cause of the injury, then such violation in and of itself would make such person negligent. There was in force and effect in the State of Oklahoma and the United States at the time of the occurrence the following statutes and regulations:

1.       Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead. 47 O.S. § 11-801 (A).

2.       The operator of every vehicle, while driving, shall devote their full time and attention to such driving. 47 O.S. § 11-9014  (B).

3.       No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the

commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed. Federal Motor Carrier Safety Regulations, § 392.3

4.      Operation of commercial trucks must be discontinued if roadway conditions become sufficiently dangerous. *Federal Motor Carrier Safety Regulation* 392.14.

5.      No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed. 49 C.F.R. § 392.3 (2012).

6.      Operation of commercial trucks must be discontinued if roadway conditions become sufficiently dangerous. 49 C.F.R. § 392.14 (2012).

AUTHORITY:      OUJI (Rev. 2014), No. 9.10 (modified)


GIVEN            _____

NOT GIVEN        _____

13

**INSTRUCTION NO. __**

## <u>NEGLIGENCE IN HIRING, SUPERVISING, OR RETAINING AN EMPLOYEE</u>

Oklahoma recognizes a cause of action for "negligence in hiring, supervising, or retaining an employee." The negligence associated in this cause of action is the negligence of the employer and not the negligence caused by the employee. An employer will be found liable under this cause of action "if - at the critical time of the tortuous incident, the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought."

AUTHORITY: *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999)

GIVEN              _____

NOT GIVEN      _____

**INSTRUCTION NO. __**

## **CONDUCT IN COMPLIANCE WITH STATUTE**

Compliance with requirements of the statute does not excuse one from the duty to

exercise ordinary care.

AUTHORITY:        OUJI (Rev. 2014), No. 9.11

GIVEN                _____

NOT GIVEN         _____

14

**INSTRUCTION NO. __**

## **UNKNOWING VIOLATION OF STATUTE OR ORDINANCE**

It is not a defense to an alleged act of negligence that a person was unaware that this conduct constituted a violation of a statute or regulation.

AUTHORITY:        OUJI (Rev. 2014), No. 9.12

GIVEN            _____

NOT GIVEN        _____

15

**INSTRUCTION NO. __**

### GENERAL DUTY OF DRIVERS AND PEDESTRIANS

It is the duty of the driver of a motor vehicle and a pedestrian to use ordinary care to prevent injury to themselves or other persons.

AUTHORITY:        OUJI (Rev. 2014), No. 10.1

GIVEN                    _____

NOT GIVEN        _____

16

**INSTRUCTION NO. __**

## <u>DUTY TO MAINTAIN LOOKOUT</u>

It is the duty of every operator of a vehicle to exercise ordinary care in keeping a lookout consistent with the safety of other vehicles.

AUTHORITY:    OUJI (Rev. 2014), No. 10.2

GIVEN             _____

NOT GIVEN        _____

16

**INSTRUCTION NO. __**

## <u>RIGHT TO ASSUME OTHERS WILL OBEY THE  LAW</u>

A driver of a motor vehicle has a right to assume that other persons will obey the law and is not required to anticipate negligence, or unlawful operation, on the part of another driver. However, the driver of a motor vehicle must, at all times, use ordinary care, despite his or her right to assume that other drivers of motor vehicles will obey the law.

AUTHORITY:        OUJI (Rev. 2014), No. 10.8

GIVEN                    _____

NOT GIVEN            _____

**INSTRUCTION NO. __**

## <u>NO SPECULATION</u>

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

AUTHORITY:     OUJI (Rev. 2014), No. 3.3

GIVEN          _____

NOT GIVEN      _____

**INSTRUCTION NO. __**

**DIRECT AND INDIRECT [CIRCUMSTANTIAL] EVIDENCE - DEFINED - USE**

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

AUTHORITY: OUJI (Rev. 2014), No. 3.25

GIVEN                    _____

NOT GIVEN            _____

19

**INSTRUCTION NO. __**

**<u>UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES</u>**

In order to award damages to Robert A. St. Clair you must be satisfied by the greater weight of the evidence that she did in fact suffer a loss which was caused by Defendants. Once you are satisfied that Robert A. St. Clair did suffer such a loss, you should award damages even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

AUTHORITY:    OUJI (Rev. 2014), No. 23.52 (Modified)

GIVEN            _____

NOT GIVEN        _____

**INSTRUCTION NO. __**

## **PERSONAL INJURIES - ADULTS**

If you decide for Robert A. St. Clair, you must then fix the amount of his damages.

This is the amount of money that will reasonably and fairly compensate him for the injury

sustained as a result of the negligence of Defendants. In fixing the amount you will award

Robert A. St. Clair you may consider the following elements:

A.     His physical pain and suffering, past and future;

B.     His mental pain and suffering, past and future;

C.     His age;

D.     His physical condition immediately before and after the accident;

E.     The nature and extent of his injuries;

F.     Whether the injuries are permanent;

G.     The physical impairment;

H.     The disfigurement;

I.     Loss of [earnings/time];

J.     Impairment of earning capacity; and

K.     The reasonable expenses of the necessary medical care, treatment, and
       services, past and future.

AUTHORITY:      OUJI (Rev. 2014), No. 4.1 (Modified)

GIVEN          _____

NOT GIVEN _____

22

**INSTRUCTION NO. __**

<u>**PUNITIVE DAMAGES - FIRST STAGE**</u>

If you find in favor of Robert A. St. Clair, and grant him actual damages, then you must also find by a separate verdict, whether Defendants (acted in reckless disregard of the rights of others) (and/or) (acted intentionally and with malice towards others).

Robert A. St. Clair has the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of Defendants was in reckless disregard of another's rights if Defendants were either aware, or did not care, that there was a substantial and unnecessary risk that their conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

[Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.]

If you find that Defendants acted (in reckless disregard of the rights of others) or (intentionally and with malice towards others), you may award punitive damages against Defendants in a later part of this trial. If you find that Defendants did not act (in reckless

disregard of the rights of others) or (intentionally and with malice towards others), you may not award punitive damages against Defendants.

      AUTHORITY:      OUJI (Rev. 2014), No. 5.6

GIVEN            _____

NOT GIVEN      _____

**INSTRUCTION NO. __**

## **EXEMPLARY OR PUNITIVE DAMAGES - SECOND STAGE**

Ladies and Gentlemen of the jury, you have found in favor of Robert A. St. Clair and granted him actual damages, and you have also found by a separate verdict that the Defendants (acted with reckless disregard of the rights of others) (and/or) (acted intentionally and with malice towards others).

You may now, in addition to actual damages, grant Robert A. St. Clair punitive damages in such sum as you reasonably believe will punish Defendants and be an example to others. Punitive damages are not to be considered as compensation to Robert A. St. Clair, but as punishment to Defendants, and as an example to others to deter them from like conduct.

The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the Robert A. St. Clair was particularly reprehensible or bad. Conduct that risks harm to many may be more responsible than conduct that risks harm to only a few. However, you may not use punitive damages to punish Defendants directly on account of harms that Defendants may have caused to others.

In determining the amount of punitive damages, you may consider the following factors:

24

1. The seriousness of the hazard to the public arising from Defendants' misconduct;

2. The profitability of the misconduct to Defendants;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware Defendants were of the conduct and its consequences and how aware Defendants were of the hazard and of its excessiveness;

6. The attitude and conduct of Defendants upon finding out about the misconduct/hazard;

7. The financial condition of Defendants;

8. (If the defendant is a corporation or other entity) The number and level of employees involved in causing or concealing the misconduct.

In no event should the punitive damages exceed the greater of: (Select One)

[$100,000.00 or the amount of actual damages you have previously awarded]. OR

[$500,000.00, or twice the amount of actual damages you have previously awarded, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury to the plaintiff and other persons or entities].

AUTHORITY: OUJI (Rev. 2014), No. 5.9.

GIVEN          _____

REFUSED        _____

**INSTRUCTION NO. __**

## <u>COMPARATIVE NEGLIGENCE</u>

As a part of their defense, the Defendants first deny that any negligence on their part was the direct cause of the occurrence involved in this lawsuit and any resulting injuries to Robert A. St. Clair. The Defendants further contends that if, however, the jury should find that any of them were negligent to some degree, then it is their contention that Robert A. St. Clair's own negligence exceeded the negligence of the Defendants, so as to prevent any recovery by Robert A. St. Clair in this lawsuit. To establish this defense, the Defendants must show by the greater weight of the evidence that Robert A. St. Clair was negligent and his negligence was a direct cause of his injury.

Under the law you are to compare the percentage (0%-100%) of negligence of Robert A. St. Clair, if any, with the percentage (0%-100%) of negligence of the Defendants.

The law provides that contributory negligence, which means the negligence of Robert A. St. Clair, shall not bar recovery of damages unless his negligence is of a greater degree, established by percentage, than the total combined negligence of Defendants causing the damage. The percentage (0%-100%) of negligence you find for each party should be stated in the appropriate verdict form. The verdict forms have been color-coded to assist you.

AUTHORITY:        OUJI (Rev. 2014), No. 9.19

GIVEN                    _____

NOT GIVEN            _____

27

**INSTRUCTION NO. __**

<u>**COMPARATIVE NEGLIGENCE NOT A DEFENSE TO**</u>
<u>**WILLFUL AND WANTON CONDUCT**</u>

You are instructed that negligence is not a defense to conduct that is either willful and wanton or intentional. Therefore, if you find that the conduct of the Defendants was willful and wanton or intentional, then you shall use the Blue Verdict Form and not reduce the amount of Robert A. St. Clair damages on account of any negligence of Robert A. St. Clair.

The conduct of Defendants was willful and wanton if Ephriam Edwards or Hopeland Trucking, LLC was either aware, or did not care, that there was a substantial and unnecessary risk that their conduct would cause serious injury to others. In order for the conduct to be willful and wanton, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

AUTHORITY:        OUJI (Rev. 2014), No. 9.17

GIVEN                 _____

NOT GIVEN       _____

28

**INSTRUCTION NO. __**

## **ADVICE CONCERNING COLOR-CODED VERDICT FORMS**

Only one of several possible verdicts may be the ultimate conclusion reached by this jury. In order to facilitate your deliberations, the options available to you under the facts of this case are set out on color-coded verdict forms.

The next succeeding instructions will explain the various verdict forms and instruct you under what circumstances each form is applicable.

AUTHORITY:        OUJI (Rev. 2014), No. 9.22

GIVEN                    _____

NOT GIVEN            _____

29

**INSTRUCTION NO. __**

### <u>BLUE VERDICT FORM, FOR PLAINTIFF'S - DIRECTIONS</u>

If you find that the occurrence with which this lawsuit is concerned was directly caused by negligence of Ephriam Edwards and Hopeland Trucking, LLC, and not by any contributory negligence on the part of Robert A. St. Clair, then you shall use the Blue Verdict Form and find in favor of Robert A. St. Clair. If you so find, Robert A. St. Clair is entitled to recover the full amount of any damages which you may find Robert A. St. Clair has sustained as a result of the occurrence.

AUTHORITY:        OUJI (Rev. 2014), No. 9.24

GIVEN                    _____

NOT GIVEN         _____

**INSTRUCTION NO. __**

## <u>WHITE VERDICT FORM, COMPARATIVE,</u><br><u>TWO DEFENDANTS- DIRECTIONS</u>

If you find that the occurrence was directly caused by the negligence of either or both Defendants  and the contributory negligence of Robert A. St. Clair, then you shall use the White Verdict Form and you must determine the percentage of each  party's negligence.

If you find that Robert A. St. Clair was negligent, this White Verdict Form requires that you fill in some percentage of negligence for him, and then requires that you fill in some percentage of negligence for either or both Defendants, if you find that either or both of them were negligent. These figures must total one hundred percent (100%), and may range from 0% to 100%.

If the figures you fill in as the percentage of negligence of Robert A. St. Clair is greater than the combined total of the figures you insert as the percentage of negligence of the Defendants, then Robert A. St. Clair is not entitled to recover any damages. In this event, you need not fill in the space provided for the amount of Plaintiff's damages, and you should sign and return the verdict as explained later in these instructions.

If, on the other hand, the figure you fill in as the percentage of negligence of Robert A. St. Clair is equal to or smaller than the combined total of the figures you insert as the percentages of negligence of either or both of the Defendants, then you shall proceed, as the verdict form directs, to fill in the total amount of damages which you find were sustained by Robert A. St. Clair. As the verdict form advises, in determining this damages figure, you

should complete disregard the respective percentages of negligence which you have fixed for the parties.

You are instructed that if you use the White Verdict Form, whatever dollar amount you insert as the damages sustained by Robert A. St. Clair will be reduced by the Court by that percentage of negligence which you have attached to him.

AUTHORITY:    OUJI (Rev. 2014), No. 9.33

GIVEN    _____

NOT GIVEN    _____

36