# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT A. ST. CLAIR,

                    Plaintiff,

v.

EPHRIAM EDWARDS, and
HOPELAND TRUCKING, LLC,

                      Defendants.

Case No. 5:19-cv-981-PRW

## DEFENDANTS EPHRIAM EDWARDS AND
## HOPELAND TRUCKING, LLC'S JOINT MOTION IN LIMINE

Defendants Ephriam Edwards ("Edwards") and Hopeland Trucking, LLC ("Hopeland") (together as the "Defendants"), by and through their undersigned counsel of record, respectfully file this Motion in Limine requesting the Court enter an Order directing Plaintiff, his counsel, and any other witnesses, to refrain from making any mention, innuendo, or interrogation, directly or indirectly in any manner whatsoever, concerning any of the matters set forth herein without first approaching the bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors, or jurors ultimately seated in the case, in regard to any alleged theory of admissibility (or proper use), pursuant to the Federal Rules of Evidence and Federal Rules of Civil Procedure, of the following matters:

1. The filing of this motion or any motion to exclude evidence.
2. Any objection to evidence or legal argument made to the Court out of the presence of the jury.

3. The filing of, or Court's ruling on, any motion for summary judgment, special exceptions, discovery motion, or any other motion in this matter.

4. That the Defendants have asserted the attorney-client privilege, or any other privilege, or has withheld production of any documents or parts thereof pursuant to such privilege, or that any documents were produced or offered to be produced subject to a protective order. This request further contemplates that counsel for Plaintiff shall not deliberately ask a question of any witness to provoke such a privilege objection in front of the jury.

5. Any request made in the presence of the jury for Defendants' counsel, representatives or witnesses to "stipulate" or "agree" to any issue or matter or to produce any documents, witnesses, or other evidence. This includes, but is not limited to, items on which an objection is pending or has been sustained.

6. Any sidebar remarks of Plaintiff's counsel at trial. Plaintiff's counsel's sidebar remarks are self-serving and misleading. The introduction into evidence would be irrelevant and prejudicial and misleading to the jury.

7. Any correspondence between Plaintiff's counsel and Defendants' counsel during suit relating to procedural issues.

8. References to any theories of liability, claims, special damages, and/or relief not specifically pleaded in Plaintiff's Petition.

9. Any testimony, comment, reference, or suggestion that the Defendants have refused to accept responsibility.

10. Any testimony or evidence relative to Defendants or their representatives requesting a Release from Plaintiff.

11. Any previous legal proceedings either Hopeland Trucking, LLC or Ephriam Edwards has been involved in or a party in, and/or the outcome of such proceedings.

12. Any alleged wrongful acts committed by Defendants or any representative of Defendants not involving Plaintiff or this case.

13. Comments, testimony, and/or evidence of prior collisions involving either of the Defendants.

14. The conduct of Defendants' lawyers or any action taken by Defendants' lawyers in the course of this litigation to include defenses raised in the course of litigation.

15. Any mention, suggestion, and/or inference that the firm of Rhodes, Hieronymus, Jones, Tucker & Gable, or any of its attorneys specialize in representing Defendants, handling insurance cases, representing insurance companies, or defending cases filed by insureds.

16. Any testimony or evidence regarding the actions and/or omissions of Defendants subsequent to October 30, 2017.  Including, but not limited to, reference or evidence of subsequent remedial measures or actions for the reason that the same are not admissible on the issues of negligence, gross negligence, or culpable conduct in connection with the event.

17. Any testimony or evidence regarding former employees of Defendants deciding to terminate their employment with Defendants.

18. Any suggestion, inference, and/or innuendo that a business is not entitled to the same fair trial as an individual, that an out-of-state business is not entitled to the same fair trial as an Oklahoma resident, or that a business is not entitled to the same access to the court system as an individual.

19. Any reference to "trucking reform" or to any interest group that advocates or promotes a "need for trucking reform."

20. Disparaging or inflammatory remarks concerning the trucking industry, Defendants, or Defense Counsel.

21. Any mention of, or reference to, any of Defendants' advertising, mottos, or slogans.  This evidence has no probative value and is designed to only unfairly prejudice the jury against Defendants.

22. Any evidence or argument that would inform the jury or jury panel of the effect of their answers to the questions submitted by the Court to the jury in this case.

23. Any suggestion or inference that the jury use its verdict as a mechanism through which to effect social change or to "send a message" to the other members of the community.

24. The Golden Rule argument or other argument attempting to place the jurors in the place of the Plaintiff.

25. Appeals to the jurors' self-interest.

26. Use of "Reptile Theory" argument and tactics.

27. Arguments directed to turn the case into a referendum on the trucking industry.

28. Any and all references to other lawsuits or verdicts in automobile accident cases or trucking accident cases regardless of personal injury claim, or whether either party's Counsel were involved.

29. Voir Dire questions regarding a juror's willingness to accept the Plaintiff's theories.

30. Any statement of any venireman after the close of voir dire.

31. Any attempt to compare the wealth of the parties or any reference to the wealth of trucking companies in general, and/or the wealth of the trucking industry.

32. Any statements or comments about the lawyers or firms hired by the Defendants or that Defendants have expended more money or have the resources to spend more money and/or time on this matter than the Plaintiffs have or have been able to. Any such statements indicating that the Defendants have the resources and ability to "outspend" the Plaintiffs are irrelevant and highly prejudicial.

33. Any argument or suggestion that a failure to award damages will cause Plaintiff financial hardship.

34. Any argument or suggestion that the Defendants have or will financially benefit from their actions or the jury's verdict.

35. Settlement(s), settlement negotiations, the lack of settlement negotiations, or any statements made by parties, their counsel, or their agents to any party or non-party, prior to or during litigation, or during or concerning settlement negotiations. This extends to all correspondence and telephone conversations between counsels but is not intended to exclude evidence of pre-suit offers, demands, or statements.

36. Any attempt to question any witness regarding whether damages should be awarded to Plaintiff and/or what damages should be awarded.

37. The amount and/or method of compensation Defendants attorneys or Defendants' agents receive.

38. Any evidence or argument that Plaintiff is owed and/or is allegedly entitled to compensation by the Defendants.

39. The mention, suggestion, and/or inference of the amount of expert witness fees paid by Plaintiff or any claim for damages relating to the amount of expert witness fees paid by Plaintiff, other than regarding any expert witnesses hired to assist with Plaintiff's claim.

40. The mention, suggestion, and/or inference of the amount of expert witness fees paid by Defendants or that Defendants' experts' testimony is unreliable because they received payment.

41. Any testimony or evidence of the financial condition of any entity that is a party to this lawsuit.

42. Any mention, suggestion, and/or inference of the financial impact of litigation and/or recovery.

43. Any testimony or evidence of reserves established or ability to pay by Defendants.

44. Any testimony or evidence that Medical Liens filed against Plaintiff affected his credit score and/or creditworthiness.

45. Any testimony or evidence relative to Plaintiff's damages for future medical care, future lost wages, impairment of future earnings, or any other special damages not specifically pled.

46. Any reference or evidence that the Defendants have liability insurance.

47. Evidence and testimony related to punitive damages.

48. Any testimony or suggestion that the jury award a sum certain in damages and/or a sum certain for any categories of damages.  This includes per diem and/or mathematical formula arguments.

49. Any personal opinion of any witness regarding the merits of the case or the credibility of any witness, Defendants, or Defendants' counsel.

50. Any references to the intent or state of mind possessed by the Plaintiff or Defendants by any witness without a proper foundation.

51. Any mention, suggestion, and/or inference to the lack of attendance by either of the Defendants.

52. Any mention, suggestion, and/or inference to matters outside the record.

53. Misstatements of the law or facts.

54. Appeals to passion, prejudice, or bias of the jurors.

55. Gratuitous statements concerning the Plaintiff's supposed good nature, honesty, or habits.

56. Plaintiff's Counsel's vouching, opinions, personal knowledge, and feelings of the facts, witnesses, exhibits, case, and litigation.

57. Any effort to call to testify any fact witness who was not timely identified by name, address, telephone number, and topic of relevant testimony in response to written discovery and the scheduling order deadlines in this matter.

58. Any mention, suggestion, and/or inference to the jury of the anticipated and/or probable testimony of a witness who is absent, unavailable, or not called to testify in the case.

59. Any attempt to ask for expert opinion testimony in any form, directly or indirectly, from any witness who was not timely identified as an expert witness pursuant to the scheduling order in this case.

60. Any testimony of lay witnesses concerning facts and issues in this matter without first establishing that the witness has personal knowledge of the facts and issues on which Plaintiff's counsel seeks to elicit testimony.

61. Any testimony or opinions from treating physicians beyond the information contained within the four corners of their medical records.

62. Testimony or evidence of updated or altered opinions from Plaintiff's experts.

63. Reference to compensation paid to expert witnesses for services or work performed in other automobile collision litigation.

64. Expert testimony based on improper bases.

65. Testimony, comment, or suggestion imputing knowledge to the Defendants.

66. Testimony of a witness repeating statements made by others.

67. Any contents of documents not admitted in evidence, except: (i) to establish predicate for admissibility or (ii) impeachment of a witness on the witness stand.

68. Any photographs, documents, or other tangible evidence which have not already been timely produced in discovery and timely designated as trial exhibits, pursuant to the scheduling order in this case, except for demonstrative aids based upon such timely produced documents or evidence.

69. Any affidavits filed in this case unless the affidavit is first properly admitted into evidence, or is being used to impeach the affiant.

70. Use the Plaintiff's Petition and/or the Defendants' Answers as testimony or exhibits.

71. Use of regulations as exhibits.

72. Use of expert's reports, CVs, treatises, periodicals, or pamphlets as evidence.

73. Testimony or evidence of the investigating police officers' opinion.

74. Any testimony or evidence of medical records, medical bills, or medical treatment that Plaintiff did not disclose to Defendants.

75. Use of medical records as evidence other than statements against interest.

76. Evidence concerning the value of the medical treatment should be limited to the actual cost of that treatment and amounts actually paid pursuant to Oklahoma Statute Title 12 section 3009.1.

77. Any mention, suggestion, and/or inference to the contents or Defendants' files.

78. Introduction of deposition transcripts and/or videos as exhibits.

79. Any mention, suggestion, and/or inference that Defendants or any representative of Defendants had a "duty" to give Plaintiff the benefit of the doubt in evaluating his claim.

80. Any mention, suggestion, and/or inference that Defendants or any representative of Defendants had a duty to "take care of Plaintiff."

81. Any mention, suggestion, and/or inference to the jury that the burden of proof is anything less than the preponderance of the evidence.

82. Any testimony or evidence offering legal conclusions and/or interpretation of Defendants' conduct in relation to the law.

83. Reference or suggestion of extra-judicial standards.

84. Use of "hypothetical trial" scenarios.

85. Statements or evidence that automobile collisions, specifically involved tractor-trailers, can cause any injury or condition that is not at issue in this case.

86. Statements or evidence that any coworker, friend, or relative of any witness or counsel has been injured or died from an automobile collision.

87. Any display or mention of any pictures, movies, videotapes, or other electronic reproductions of any sort showing or tending to show the Plaintiff or other victim in a condition of ill health or weakness without first displaying said pictures, movies, videotapes or electronic reproductions to the Judge and defense counsel outside the presence of the jury or any prospective juror so that Defendant may have an opportunity to examine said items and make objections prior to the time that any juror or prospective juror is allowed to see or hear of said items. Otherwise, inadmissible and highly prejudicial material may be brought to the attention of the jurors.

88. Mentioning, referencing or introducing any evidence of media reports, including without limitation and however characterized, newspaper and magazine articles, televisions or radio broadcasts, blogs or electronic media, and books or stories, generated by controversy over automobile collisions, specifically trucking accidents, because the same are inadmissible hearsay, notoriously unreliable, and self-serving.

89. That there may or may not be any taxes, state or federal, payable, or assessed against any recovery or judgment herein.

90. References or allusions to "big verdict" cases and the implication that the jurors should view the instant case similarly concerning personal injury, the responsibilities of businesses, and large damage awards.

91. Attempts to misrepresent the proximate cause of the accident with reference to mere conditions, be they real, hypothetical, or speculative, that are not relevant to legal causation.

92. Use, reference, or attempt to display demonstrative charts, exhibits or evidence to the Jury, or to the jury panel during *voir dire*, without first tendering same outside the presence of the jury or jury panel.

93. Witnesses should be required to remain outside the courtroom until they are finished testifying.

WHEREFORE, the Defendants Edwards Ephriam and Hopeland Trucking, LLC pray the court consider their *Motion in Limine* in conjunction with the contemporaneously filed *Brief in Support* and direct the Plaintiff, his counsel, and any

other witnesses, to refrain from making any mention, innuendo, or interrogation, directly or indirectly in any manner whatsoever, concerning any of the matters set forth herein, and any other relief this Court deems appropriate.

                Respectfully submitted,

By   /s/ Dan S. Folluo
DAN S. FOLLUO, OBA NO. 11303
dfolluo@rhodesokla.com
REBECCA L. NEWMAN, OBA NO. 30898
rlnewman@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile
***Attorneys for Defendant***
***Hopeland Trucking, LLC and***
***Ephriam Edwards***

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of August 2020, the above was sent via U.S. Mail to the below counsel of record:

| | |
|---|---|
| Murry J. Parrish, OBA #15948 | J. Kyle Findley, Texas Bar #24076382 |
| Forest L. Pepper DeVaughn, OBA #18693 | Kason R. Kimberley, Texas Bar #24101222 |
| Nathan D. Rex, OBA #31694 | Adam Lewis, Texas Bar #24094099 |
| Larry E. Finn, OBA #31551 | Arnold & Itkin, LLP |
| PARRISH DEVAUGHN, PLLC | 6009 Memorial Drive |
| 7 S. Mickey Mantle Drive, 2nd Floor | Houston, Texas 77007 |
| Oklahoma City, OK 73104 | ***Attorneys for Plaintiff*** |
| ***Attorneys for Plaintiff*** | |

/s/ *Dan S. Folluo*
DAN S. FOLLUO / REBECCA L. NEWMAN