IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT A. ST. CLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-00981-PRW |
| ) | |
| EPHRIAM EDWARDS, and ) | |
| HOPELAND TRUCKING, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On August 21, 2020, the Chief Judge for the U.S. District Court for the Western District of Oklahoma entered General Order 20-20, continuing all civil jury trial on the September 2020 docket to permit the Court to focus on criminal cases that were continued from prior dockets.

**IT IS THEREFORE ORDERED** that the September 2020 jury trial in this matter be **STRICKEN** and that this matter be **RESET** on the Court's October 2020 jury trial docket. Additionally, all pending deadlines shall remain in place, unless the Court grants a motion for extension of time filed by one of the parties.

**IT IS FURTHER ORDERED** that the parties file supplemental summary judgment briefing for the reasons outlined below:

    1.    On July 1, 2020, Defendant Hopeland Trucking, LLC (hereinafter "Hopeland Trucking") filed a short, 7-page Motion for Partial Summary Judgment (Dkt. 24) seeking summary adjudication in its favor on Plaintiff's negligent hiring,

1

retention, and/or supervision claim and on Plaintiff's negligent entrustment claim.[1] Hopeland Trucking's motion argues that Plaintiff lacks evidence to support those claims.[2]

    2.    On July 22nd, Plaintiff filed its Response (Dkt. 36) in opposition, arguing that certain facts in the record should preclude summary judgment in favor of Hopeland Trucking when viewed in the light most favorable to Plaintiff. Much of Plaintiff's proffered evidence centers upon Hopeland Trucking's alleged failure to produce records that would prove compliance with applicable Federal Motor Carrier Safety Regulations (FMCSRs). At the end of the response, however, Plaintiff states: "Should the Court be persuaded that the evidence in the record is insufficient to demonstrate genuine issues of fact on the defenses raised by Hopeland, Plaintiff respectfully requests that the Court withhold from ruling on Defendant's motion and extend briefing deadlines in this matter until the deposition

---

[1] Summary judgment on these claims would leave Plaintiff's respondeat superior claim against Defendant Hopeland Trucking intact.

[2] *See, e.g.*, Def. Hopland Trucking, LLC's Mot. for Partial Summ. J. (Dkt. 24) at 2 ("Hopeland asserts the Plaintiff has failed to provide any evidence to support their claims of negligence against Hopeland. For these reasons and by incorporation of the argument and authority to follow, Hopeland requests this Honorable Court grant its Partial Motion for Summary Judgment."); *id.* at 4 ("There is no *genuine* issue for trial on the Plaintiff's claims of negligent supervision and entrustment against Hopeland. There is no evidence whereupon a jury could reasonably find for the Plaintiff on those issues."); *id.* at 5 ("The Plaintiff has no evidence that Hopeland had cause to believe that Mr. Edwards was a careless, reckless, or incompetent driver, nor will he be able to present evidence of such. Rather, the record demonstrates Mr. Edwards was a safe and qualified licensed commercial driver. The Plaintiff cannot support his claim of negligent entrustment against Hopeland. Without demonstrative evidence provided by the Plaintiff, it is proper for this Court to grant summary judgment to Hopeland on the issue of negligence entrustment.).

of Hopeland's corporate representative can be completed."[3] Plaintiff's response goes on to detail that the deposition of Hopeland Trucking's corporate representative commenced on July 8th, but was cut short due to a medical event that prevented the corporate representative from offering further testimony.

3.  On July 29th, Hopeland Trucking filed its Reply (Dkt. 42). Besides addressing what it perceived as Plaintiff's arguments in favor of negligence per se for alleged violations of the FMCSRs, Hopeland Trucking also raised for the first time a legal argument that the Court should enter summary judgment in its favor under *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, because Hopeland Trucking has stipulated to respondeat superior liability.

4.  On August 3rd, Plaintiff filed a Motion to Take Deposition Out of Time (Dkt. 44), asking for leave to depose Defendant Ephriam Edwards and to finish the deposition of Hopeland Trucking's corporate representative after the discovery cut-off date of August 1st. Defendants filed a Joint Response (Dkt. 46) that same day, advising that the corporate representative "has severe medical issues, which require daily treatment and frequent hospitalizations"; that he "had been hospitalized again" as recently as July 28th; and that defense counsel "does not know when he will be released."[4] The situation was further compounded by the fact

---

[3] Pl.'s Resp. (Dkt. 36) at 11.

[4] Defs.' Jt. Resp. to Pl.'s Mot. to Take Deps. Out of Time (Dkt. 46) ¶¶ 4, 8, at 1–2; E-mail from Rebecca Newman, Rhodes Hieronymous Jones Tucker & Gable PLLC, to Crystal DeLeon, Arnold & Itkin LLP, at 1 (July 28, 2020 3:45:33 PM) (Dkt. 46-2).

that Hopeland Trucking could not designate anyone else as their corporate representative, primarily because Hopeland Trucking has "ceased its business operation."[5] On August 10th, the Court gave Plaintiff leave until August 24th to conduct the depositions.

      5.      By telephone conference on August 21st, counsel for both parties advised the Court that the deposition of Mr. Edwards had been completed and that the deposition of Hopeland Trucking's corporate representative had been set for August 24th. On August 25th, defense counsel advised the Court via telephone that the deposition had been completed.

Accordingly, now that the deposition of Hopeland Trucking's corporate representative has been completed, the Court **DIRECTS** the parties to file supplemental summary judgment briefing as follows:

    a. On or before Friday, September 11, 2020, Plaintiff shall file a supplemental response not exceeding 20 pages (excluding any cover page, table of contents, table of authorities, signature block, certificate of service, and exhibits) to Defendant Hopeland Trucking, LLC's Motion for Partial Summary Judgment (Dkt. 24) that presents all additional evidence supporting Plaintiff's claims for negligent hiring, retention, and supervision and for negligent entrustment and that addresses the *Jordan v. Cates* issue raised in Defendant's Reply (Dkt. 42).

---

[5] Def. Hopeland Trucking LLC's Unopposed Mot. for Extension of Time to Submit It's [sic] Resps. to Pl.'s Disc. Reqs. (Dkt. 16) ¶ 5, at 1.

    b. Within 7 days after the date Plaintiff's supplemental response is filed, Defendant Hopeland Trucking, LLC shall file a supplemental reply not exceeding 5 pages (excluding any cover page, table of contents, table of authorities, signature block, certificate of service, and exhibits) that addresses "new matter raised in [Plaintiff's supplemental] response." LCvR 7.1(i). The supplemental reply "shall not be used to reargue the points and authorities included in" the Motion for Partial Summary Judgment (Dkt. 24) or the original "Reply (Dkt. 42). *Id.*

**IT IS SO ORDERED this 28th day of August, 2020.**

                                                  PATRICK R. WYRICK
                                                  UNITED STATES DISTRICT JUDGE