## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT A. ST. CLAIR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EPHRIAM EDWARDS, and )<br>HOPELAND TRUCKING, LLC, )<br>)<br>Defendants. ) | Case No. CIV-19-00981-PRW |

### ORDER

On September 11, 2019, Plaintiff, Robert A. St. Clair, filed this lawsuit against two defendants, Defendants Ephriam Edwards ("Edwards") and Hopeland Trucking, LLC ("Hopeland") (together as the "Defendants"). Hopeland has filed a Partial Motion for Summary Judgment (Dkt. 24) pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Plaintiff filed a Response (Dkt. 36), and Hopeland filed a Reply (Dkt. 42). The Court then directed the Parties to file supplemental summary judgment briefing, which they did. (Dkts. 63, 65).

Upon review of the Parties' filings, the Court **GRANTS** Hopeland's Partial Motion for Summary Judgment (Dkt. 24) for the reasons set forth below.

*Background*

On October 30, 2017, in McClain County, Oklahoma, Plaintiff, was allegedly injured in a car accident involving a third party.[1] The Parties agree that Edwards was an employee of Hopeland and was acting within the scope of his employment when the accident occurred.[2]

Plaintiff sued, alleging that Edwards was negligent—imputed to Hopeland under the theory of *respondeat superior*—and claims of negligent hiring, retention, supervision, and entrustment against Hopeland. Hopeland now seeks summary judgment on Plaintiff's negligent hiring, retention, and supervision claims and on Plaintiff's negligent entrustment claim, based on a purported lack of evidence to support those claims.[3]

Plaintiff responds that there are disputed material facts that, when viewed in the light most favorable to Plaintiff, preclude summary judgment in favor of Hopeland.[4] Much of Plaintiff's proffered evidence centers upon Hopeland Trucking's alleged failure to produce records that would purportedly prove non-compliance with certain Federal Motor Carrier Safety Regulations (FMCSRs).

In reply, Hopeland raises for the first time that Oklahoma law—namely, the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289—

---

[1] Joint Status Report and Discovery Plan (Dkt. 7) at 2.

[2] *Id.*

[3] Summary judgment on these claims would leave Plaintiff's *respondeat superior* claim against Defendant Hopeland Trucking intact.

[4] Pl.'s Br. in Opp'n to Def. Hopland Trucking, LLC's Mot. for Partial Summ. J. (Dkt. 36) at 6, 7, 9.

mandates summary judgment on the claims against it because it has stipulated to *respondeat superior* liability.

In Plaintiff's Supplemental Response, he argues that his negligent hiring, supervision, and retention claims against Hopeland are not barred by *Jordan v. Cates*, that his claim for negligent entrustment also survives summary judgment, citing Edwards' alleged previous issues with driver's logs and an accident fifteen years prior, and that Hopeland's alleged failure to produce certain documents allows for an adverse inference to be drawn against Hopeland precluding summary judgment.

Defendants predictably disagree on all fronts in their Joint Supplemental Reply.

### *Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[6] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[7]

The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[8] If the movant carries this burden, the

---

[5] Fed. R. Civ. P. 56(a).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *Id.*

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

burden shifts to the nonmoving party to point to "specific facts" in the record demonstrating that a genuine issue for trial exists.[9] The nonmoving party, in other words, must show that there is sufficient admissible evidence in the record to enable a rational fact-finder to find for it.[10] But if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," "Rule 56(c) mandates the entry of summary judgment."[11] The district court must consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[12]

## Discussion

### I. Plaintiff's Spoliation Argument

The Court must first address the contention advanced by Plaintiff in his Supplemental Response (Dkt. 63) that the Court should deny summary judgment based on

---

[9] *Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1286 (10th Cir. 2018) (quoting *Felkins v. City of Lakewood*, 774 F.3d 647, 653 (10th Cir. 2014)); *see* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must . . . cit[e] to particular parts of material in the record . . . or show[ ] that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

[10] *See Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (citing *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007)); *see also Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2010) ("The question then is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting *Anderson*, 477 U.S. at 251–52)).

[11] *Celotex Corp.*, 477 U.S. at 322.

[12] *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

4

alleged spoliation of evidence. Plaintiff claims a lack of documents from Edwards' driver qualification file, specifically Edwards' road test, Hopeland's Post-Collision Investigation, and Edwards' training certificates, prejudices Plaintiff's case.[13]

But the proper vehicle for an allegation of spoliation is a Rule 37 motion brought during the discovery phase. Such a motion allows the Court to effectively investigate, remedy, and sanction such conduct (if proven).[14] Summary judgment is not the appropriate avenue for determining whether information should have been produced in discovery.[15] Because Plaintiff filed never filed a motion to compel or for sanctions, Plaintiff's spoliation argument is untimely.[16]

Even if the argument for an adverse inference was timely raised, it lacks merit. Defendants explain in their Joint Supplemental Reply (Dkt. 65) that the documents Plaintiff seek were lost by Chad Najjar, the sole operator of Hopeland, who relied on third-party vendors to maintain the company's files due to increasingly poor health.

In the Tenth Circuit, "a spoliation sanction is proper when (1) a party had a duty to preserve evidence because it knew, or should have known, that litigation was imminent,

---

[13] Pl.'s Suppl. Resp. (Dkt. 63) at 5–8.

[14] *See Turner v. Public Service Co. of Colorado,* 563 F.3d 1136, 1149 (10th Cir. 2009).

[15] *Olson v. Shawnee County Bd. of Comm'rs*, 7 F. Supp. 3d 1162, 1200 (D. Kan. 2014) (citing *Glenn v. Scott Paper Co.*, 1993 WL 431161, at *17 n.3 (D.N.J. Oct. 20, 1993) for proposition that "spoliation argument in summary judgment response was untimely, where plaintiff never raised the argument[s] 'during the discovery phase or bring them to the attention of the magistrate'").

[16] *See Olson*, 7 F. Supp. 3d at 1200; *Glenn,* 1993 WL 431161, at *17 n.3.

and (2) the adverse party was prejudiced by the destruction of the evidence."[17] But if the aggrieved party seeks an adverse inference to remedy the spoliation, as Plaintiff does here, it must also prove bad faith.[18] "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case."[19] Plaintiff has provided no evidence of bad faith by Hopeland.

Indeed, Plaintiff does not contest that the documents were lost due to mere negligence, that Mr. Najjar has been in increasingly poor health, nor that Mr. Najjar has had to rely on third-party vendors to handle the company's documents.[20] Nor does Plaintiff contest that by the time he filed this lawsuit in September of 2019, twenty-three months had passed since the subject collision, and in the years after the collision, the company moved several times, changed vendors, and ultimately ceased operation.[21] On these facts, an adverse inference is not justified.

Accordingly, the Court denies Plaintiff's request for an adverse inference and will assess the Parties' summary judgment arguments based on the record currently before it.

## II. Plaintiff's Negligent Hiring, Supervision, and Retention Claims

Defendants argue, and the Court agrees, that the claims for negligent hiring, supervision, and retention must fail as a matter of law under Oklahoma law because the

---

[17] *Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1032 (10th Cir.2007).

[18] *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009).

[19] *Aramburu v. Boeing Co*., 112 F.3d 1398, 1407 (10th Cir. 1997).

[20] Pl.'s Suppl. Resp. (Dkt. 63, Ex. 1); Defs.' Suppl. Reply (Dkt. 65) at 3.

[21] *Id.*

6

Parties agree Edwards was acting in the scope of his employment at the time of the accident.

In *Jordan v. Cates*, the Oklahoma Supreme Court held that "[w]hen an employer stipulates that an employee is acting within the scope of employment . . . and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring [and retention] exposes the employer to no additional liability."[22] "[W]here the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," it explained, "any other theory for imposing liability on the employer [becomes] unnecessary and superfluous."[23]

Courts continue to recognize *Jordan v. Cates* as good law requiring dismissal of negligent hiring, supervision, and retention claims where, as here, the employer admits the employee acted in the course and scope of their employment,[24] and have almost unanimously rejected the idea that Jordan is limited to intentional torts.[25]

---

[22] *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, 294.

[23] *Id.* at 293.

[24] *See*, *e.g.*, *Sinclair v. Hembree & Hodgson Constr., LLC*, No. CIV-18-938-D, 2020 WL 3965010, *2–3 & n.4 (W.D. Okla. July 13, 2020) (holding that *Jordan* remains good law after *Fox* and stipulation of vicarious liability barred negligent hiring, training, and supervision claim); *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (dismissing the plaintiff's negligent hiring claim because *Jordan* has not been overruled); *Thurmond v. CRST Expedited, Inc.*, No. CIV-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (maintaining the prior status of the law that a negligent hiring claim is superfluous where an employer stipulates that its employee was acting within the scope of employment at the time of the accident).

[25] *See, e.g.*, *Isso v. W. Exp., Inc.*, No. CIV-14-109-R, 2015 WL 4392851, at *2 (W.D. Okla. July 15, 2015) (collecting cases); *Bryson v. Sierra Metals, Inc.*, No. CIV-12-839-C, 2013

Plaintiff here simultaneously asserts claims against Hopeland for negligence under the doctrine of *respondeat superior* and for negligent hiring, supervision, and retention. But the Parties agree that Edwards was acting within the course and scope of his employment immediately before and during the accident.[26] Therefore, pursuant to *Jordan v. Cates*, this Court grants Hopeland's Motion for Partial Summary Judgment as to Plaintiff's claims for negligent hiring, supervision, and retention.

### III.  Plaintiff's Negligent Entrustment Claim

Next, Defendants argue that Plaintiff's negligent entrustment claim fails in part because, even when considering the evidence in a light most favorable to Plaintiff, he nevertheless fails to make a showing sufficient to establish that Edwards was a "careless, reckless and incompetent" driver as required by Oklahoma law.

The evidence Plaintiff adduces is (1) that Edwards was previously fired from a company because he had not turned in his log-book on time, and (2) that Edwards got into one accident fifteen years before Hopeland hired Edwards.[27] Neither incident serves as evidence that in any way indicates Edwards was an unsafe driver or that Hopeland negligently entrusted its driving authority to Edwards.

An actionable claim for "negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the

---

WL1397826, at *1 (W.D. Okla., March 25, 2013) (the Court found "the distinction artificial").

[26] Joint Status Report and Discovery Plan (Dkt. 7) at 2.

[27] Pl.'s Suppl. Resp. (Dkt. 63) at 13−15.

automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom."[28] Plaintiff asserts no factual allegations that establish that Hopeland knew or reasonably should have known that Edwards was a careless, reckless or incompetent driver. There is no allegation, for example, that Hopeland entrusted Edwards to drive its vehicles despite knowing that he was drinking on the job regularly,[29] or that he was recently involved in several preventable accidents.[30]

By contrast, Plaintiff asserts various log-related allegations, which have nothing to do with the collision at issue in this case or Edwards' driving ability in general.[31] And with respect to the accident fifteen years ago, Edwards simply side-swiped another tractor-trailer that had illegally parked on the side of the highway at night during a rainstorm.[32] Further, even though Plaintiff alleges that Edwards' license was temporarily suspended shortly thereafter, that suspension was the result of an unpaid fine, not the accident itself.[33] Finally, at the time of hire, Edwards had at least forty-six years of basic driving experience, sixteen years of commercial driving experience, a clean driving record, a valid license, and no

---

[28] *Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003).

[29] *See Sinclair v. Hembree & Hodgson Constr., LLC*, No. CIV-18-938-D, 2020 WL 3965010 (W.D. Okla. July 13, 2020).

[30] *See Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *1 (W.D. Okla. Mar. 18, 2019).

[31] Pl.'s Suppl. Resp. (Dkt. 63) at 12, 14.

[32] *Id.* at 14; Defs.' Suppl. Reply (Dkt. 65, Ex. 3) at 38−39.

[33] Pl.'s Suppl. Resp. (Dkt. 63) at 14; Defs.' Suppl. Reply (Dkt. 65) at 4.

collisions or tickets between his hire and the collision with Plaintiff.[34] Accordingly, Plaintiff fails to make a sufficient showing that Edwards was a "careless, reckless and incompetent" driver as required by Oklahoma law.

As such, this Court grants Hopeland's Motion for Partial Summary Judgment as to Plaintiff's claim for negligent entrustment.

## *Conclusion*

For the foregoing reasons, the Court **GRANTS** Hopeland's Partial Motion for Summary Judgment (Dkt. 24), and grants judgment to Defendants on Plaintiff's claims for negligent hiring, supervision, retention, and entrustment.

**IT IS SO ORDERED** this 24th day of March 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[34] Defs.' Suppl. Reply (Dkt. 65) at 4−5.